IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN WESLEY WILLIAMS,

    Plaintiff,                        No. CIV S-06-1373 MCE PAN P

    vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND
REHABILITATION, et al.,

    Defendant.                    <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding

1  month's income credited to plaintiff's prison trust account.  These payments shall be collected
2  and forwarded by the appropriate agency to the Clerk of the Court each time the amount in
3  plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

4  The court is required to screen complaints brought by prisoners seeking relief
5  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
6  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
7  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
8  granted, or that seek monetary relief from a defendant who is immune from such relief.  28
9  U.S.C. § 1915A(b)(1),(2).

10  This lawsuit is brought by plaintiff as a class action.  Plaintiff, however, is a
11  non-lawyer proceeding without counsel.  It is well established that a layperson cannot ordinarily
12  represent the interests of a class.  See McShane v. United States, 366 F.2d 286 (9th Cir. 1966).
13  This rule becomes almost absolute when, as here, the putative class representative is incarcerated
14  and proceeding pro se.  Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975).  In direct
15  terms, plaintiff cannot "fairly and adequately protect the interests of the class," as required by
16  Rule 23(a)(4) of the Federal Rules of Civil Procedure.  See Martin v. Middendorf, 420 F. Supp.
17  779 (D.D.C. 1976).  This action, therefore, will not be construed as a class action and instead will
18  be construed as an individual civil suit brought by plaintiff.  Claims pertaining to individuals
19  other than defendant will be disregarded.

20  The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

24  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the
25  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
26  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

(1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In his complaint, plaintiff fails to specify charging allegations against the following defendants: The California Department of Corrections and Rehabilitation, Governor Arnold Schwarzenegger, Roderick Q. Hickman, Jeanne Woodford, and John Dovey. For the foregoing reasons, the court will not order service on these defendants.

The complaint states a cognizable claim for relief against the remaining named defendants pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b). If the allegations of the complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.

In paragraph fifty three of plaintiff's complaint, plaintiff requests the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In

the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's suit is construed as an individual suit brought by plaintiff and not as a class action.

4. Service is appropriate for the following defendants: Jimmy Walker, Karen Kelly, William Haythorne, C. Hague, R. Rodriguez, Blair Rueller, and Mike Arnt.

5. The Clerk of the Court shall send plaintiff seven USM-285 forms, one summons, an instruction sheet and a copy of the complaint filed June 21, 2006.

6. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 3 above; and

    d. Eight copies of the endorsed complaint filed June 21, 2006.

7. Plaintiff need not attempt service on defendants and need not request waiver of service.  Upon receipt of the above-described documents, the court will direct the United States

/////
/////
/////
/////

1  Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4
2  without payment of costs.
3          8.  Plaintiff's request for the appointment of counsel is denied.
4  DATED: July 27, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

14
will1373.1a.new

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN WESLEY WILLIAMS,

        Plaintiff,                    No. CIV S-06-1373 MCE PAN P

       vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND
REHABILITATION, et al.,

                                       NOTICE OF SUBMISSION

        Defendants.              OF DOCUMENTS

_____/

        Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

        _____      completed summons form

        _____      completed USM-285 forms

        _____      copies of the _____

                          Complaint/Amended Complaint

DATED:

                                                            _____
                                                            Plaintiff