IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN WESLEY WILLIAMS,

      Plaintiff,                    No. CIV S-06-1373 MCE EFB P

     vs.

CDCR, et al.,

      Defendants.                FINDINGS AND RECOMMENDATIONS

_____/

      Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. Defendants filed an unenumerated Rule 12(b) motion to dismiss on November 17, 2006, for failure to exhaust administrative remedies prior to filing suit. Plaintiff filed a response to that motion on November 30, 2006. Fed. R. Civ. P. 12 (b)

**I. Standards Applicable to This Motion**

      Defendants' motion to dismiss challenges whether plaintiff has met the requirement of the Prison Litigation Reform Act (PLRA) that "[n]o action shall be brought" until available administrative remedies are exhausted. 42 U.S.C. § 1997e(a). The Ninth Circuit has held that the PLRA's exhaustion requirement is not jurisdictional. *Wyatt v. Terhune*, 315 F.3d 1108, 1117, n.9 (9th Cir. 2003). Moreover, "nonexhaustion under § 1997e(a) of the PLRA does not impose a pleading requirement." *Id.* at 1119. Rather, the Ninth Circuit held "that § 1997e(a)

1

creates a defense–defendants have the burden of raising and proving the absence of exhaustion." *Id.* Given the conclusion that exhaustion for purposes of the PLRA is neither a pleading requirement nor a jurisdictional prerequisite, the quintessential grounds for motions under Rule 12(b), it would appear that the procedures under Rule 56 (not Rule 12) provide the appropriate tool for addressing a prisoner's failure to meet the requirement.[1] It is, after all, the facts establishing exhaustion, not allegation of its completion in the complaint, that are being challenged. Indeed, the complaint need allege nothing about exhaustion. Instead, it is defendant's burden to present evidence proving the failure to exhaust. However, in light of *Wyatt*, under which procedural rule the issue should be raised is not clear.

*Wyatt* instructs that "the failure to exhaust nonjudicial remedies that are not jurisdictional should be treated as a matter in abatement,[2] which is subject to an unenumerated Rule12(b)

---

[1] Summary judgment procedures under Rule 56 test whether a dispute over a given fact is genuine, and, if so, whether the dispute over that fact makes any difference to the outcome of the case. *Celotex,* 477 U.S. at 323. This is true whether a failure of proof is over an element to the claim or an inability to overcome an affirmative defense once the defendant has presented evidence establishing that defense. "There can be no genuine issue as to any material fact where there is a complete failure of proof as to an essential element of the nonmoving party's case because all other facts are thereby rendered immaterial." *Id.* Thus, of particular relevance here, if a claim is barred due to a failure to exhaust administrative remedies, all other facts are rendered immaterial and the court must dismiss. The dismissal, however, follows the application of the procedural mechanics of Rule 56 to determine whether the opposing party's evidence is adequate to establish a genuine factual dispute. Where those procedures result in the conclusion that the plaintiff cannot prove his factual allegations refuting the evidence of failure to exhaust, the dispute is not genuine and the complaint must be dismissed. The principle is hardly novel. It applies whenever a material fact affects the outcome, whether it is on technical grounds such as exhaustion, the unexcused delay beyond an expiration of a statute of limitations, a lack of standing based on fact specific reasons, etc., or on the merits due to an inability to establish an element of the underlying claim.

[2] A "matter in abatement" is "the suspension or defeat of an action for a reason unrelated to the merits of the claim." *Andrews v. King*, 398 F.3d 1113, 1118 (9th Cir. 2005). It has its roots in the common-law "plea in abatement," abolished by Fed. R. Civ. P. 7(c). Rule 7 of the Federal Rules of Civil Procedure "unceremoniously abolishes a great deal of ancient procedural dogma that has little place in a streamlined litigation system," Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*: Civil 3d § 1181, including pleas in abatement. *Black's Law Dictionary* 4 (6th ed. 1990). The "plea in abatement" is an archaic common law "plea which, without disputing merits of plaintiff's claim, objects to place, mode or time of asserting it. It allows plaintiff to renew suit in another place or form, or at another time, and does not assume to answer an action on its merits, or deny existence of a particular cause of action on which

motion rather than a motion for summary judgment." *Wyatt*, 315 F.3d at 1119.  The *Wyatt* opinion observes that summary judgment is ordinarily judgment "on the merits."  *Id*.  However, as noted, the standards under Rule 56 are used when a Rule 12 motion seeks to establish facts by materials extrinsic to the complaint.  Thus, *Wyatt* is clear that regardless of nomenclature, a motion attacking failure to exhaust is not a challenge to the sufficiency of the complaint.  It is a motion in which defendant must raise and prove by evidence the absence of exhaustion.  *Id.*  In this regard, the Ninth Circuit in *Wyatt* provides further guidance.  It recognizes that when the district court looks beyond the pleadings to a factual record in deciding the exhaustion motion, it necessarily does so under "a procedure closely analogous to summary judgment."  *Id*., n.14.

     Resort to the procedural safeguards of Rule 56 is for sound reason.  Where the issue in dispute is one of fact (did, or did not, plaintiff perform the acts required to exhaust available remedies?) it is well established that regardless of whether a genuine factual dispute is over an element of a cause of action (i.e., an issue going to the merits of the claim), or over an affirmative defense such as a statute of limitations or exhaustion, the court may not weigh and resolve credibility on paper.  *United States v. Two Tracts of Land in Cascade County, Mont*., 5 F.3d 1360, 1362 (9th Cir. 1993) (determination that affidavit on summary judgment motion lacked credibility was improper prior to live testimony at trial); *Buffalo v. Sunn*, 854 F.2d 1158, 1166 (9th Cir. 1988) (conflicting affidavits over cause for meeting a deadline warrant live testimony).

////

---

plaintiff relies."  *Black's Law Dictionary* 1151 (6th ed. 1990).  The Advisory Committee Notes to Rule 7(c) state that all statutes using the word "plea" are "modified in form by this rule."  Thus, for example, the Revision Notes to 28 U.S.C.A. § 2105 (West 2006), which prohibits reversal of a District Court's ruling on non-jurisdictional "matters in abatement" in the Supreme Court and Circuit Courts of Appeals states, "Rule7(c) of the Federal Rules of Civil Procedure abolished all pleas, and the rules adopted the motion as a substitute therefor.  The words 'matters in abatement' were, therefore substituted for the abolished 'plea in abatement' and 'plea to the jurisdiction.'"  Modernly, a party makes a motion under Rule 12 or Rule 41, as appropriate, instead of making a plea in abatement.  *See Black's Law Dictionary* 4, 1151-1152 (6th ed. 1990) ("abatement of action," and "plea in abatement).

For this reason, courts utilize the procedures of Rule 56 to determine if there is a genuine dispute over an issue that is material to the outcome.[3]  Likewise, the court must recognize the command in Rule 12(b) that where matters extrinsic to the complaint are submitted with a motion brought under that Rule, the motion must be converted to a motion for summary judgment.  The panel's opinion in *Wyatt* expressly accounts for this, recognizing that "if the district court looks beyond the pleadings to a factual record in deciding the motion to dismiss for failure to exhaust--a procedure closely analogous to summary judgment--then the court must assure that [the non-moving party] has fair notice of his opportunity to develop a record." *Wyatt*, 315 F.3d at 1120, n.14.

Here, defendant's motion necessarily requires the court to consider the affidavits and exhibits presented for the purpose of proving the absence of exhaustion.  Accordingly, the court will follow the analogous procedures of Rule 56 to address this motion and its supporting affidavit and exhibits.  Those standards are well established.

**II. Rule 56 Standards**

Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).[4]  As explained by the Ninth Circuit, the utility of Rule 56 to

---

[3] A similar approach is utilized over challenges to jurisdictional facts.  A district court may take evidence and make findings of fact necessary to rule on the subject matter jurisdiction question prior to trial if the jurisdictional facts are not intertwined with the merits. *Augustine* v. *United States*, 704 F.2d 1074, 1077 (9th Cir. 1983).  "[I]f the jurisdictional issue and substantive claims are so intertwined that resolution of the jurisdictional question is dependent on factual issues going to the merits, the district court should employ the standard applicable to a motion for summary judgment and grant the motion to dismiss for lack of jurisdiction only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.  Otherwise, the intertwined jurisdictional facts must be resolved at trial by the trier of fact." *Rosales* 824 F.2d at 803 (citing *Augustine,* 704 F.2d at 1077).

[4] On August 22, 2006, the court expressly informed plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), *cert*. *denied*, 527 U.S. 1035 (1999), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).  Pursuant to *Wyatt*, 315 F.3d at 1120, n.4, that order also expressly informed plaintiff of the requirements for opposing a failure

screen which cases actually require resolution of disputed facts over material issues (through presentation of testimony and evidence at trial) has been clarified and enhanced.

> In three recent cases, the Supreme Court, by clarifying what the non-moving party must do to withstand a motion for summary judgment, has increased the utility of summary judgment. First, the Court has made clear that if the non-moving party will bear the burden of proof at trial as to an element essential to its case, and that party fails to make a showing sufficient to establish a genuine dispute of fact with respect to the existence of that element, then summary judgment is appropriate. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  Second, to withstand a motion for summary judgment, the non-moving party must show that there are "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242 (1986) (emphasis added).  Finally, if the factual context makes the non-moving party's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).  No longer can it be argued that *any disagreement* about a material issue of fact precludes the use of summary judgment.

*California Arch. Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1468 (9th Cir.), *cert. denied*, 484 U.S. 1006 (1988) (parallel citations omitted) (emphasis added).  In short, there is no "genuine issue as to material fact," if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Grimes v. City and Country of San Francisco*, 951 F.2d 236, 239 (9th Cir. 1991) (quoting *Celotex*, 477 U.S. at 322).

**III.  Plaintiff's Alleged Failure to Exhaust**

A prisoner may bring no action under 42 U.S.C. § 1983 or any other federal law until he has exhausted available administrative remedies.  42 U.S.C. § 1997e(a).  This requirement is mandatory.  *Booth v. Churner*, 532 U.S. 731, 741 (2001).  A prisoner seeking leave to proceed *in forma pauperis* in an action challenging the conditions of his confinement brings an action for

---

to exhaust motion that is supported by affidavits or declarations and exhibits.

5

purposes of 42 U.S.C. § 1997e when he submits his complaint to the court. *Vaden v. Summerhill*, 449 F.2d 1048, 1050 (9th Cir. 2006). Therefore, a prisoner must exhaust available administrative remedies before filing any papers in federal court and the prisoner is not entitled to a stay of judicial proceedings in order to exhaust. *Id.* at 1051; *McKinney v. Carey*, 311 F.3d 1198 (9th Cir. 2002). Defendant has the burden of proving that plaintiff did not exhaust. *Brown v. Valoff*, 422 F.3d 926, 936 (9th Cir. 2005); *Wyatt*, 315 F.3d at 1119.

California prisoners may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). The regulations require the use of specific forms but contain no guidelines for grievance content. *Id.*, at §§ 3084.2, 3085. Prisoners ordinarily must present their allegations on one informal and three formal levels of review, although the informal and the first formal levels may be bypassed. *Id.*, at § 3084.5. A division head reviews appeals on the first formal level, *see id.*, at § 3084.5(b)(3) (authorizing bypass of the first formal level when the division head cannot resolve it), and the warden or a designee thereof reviews appeals on the second formal level. *See Id.*, at § 3084.5(e)(1). Generally, completion of the third level, the Director's Level of Review, exhausts the remedy. *Id.*, at § 3084.1(a).

**IV. Summary of Facts**[5]

At all times relevant to the complaint, plaintiff was a state prisoner incarcerated at California State Prison Sacramento (CSP Sacramento). Defendants Walker, Kelly, Haythorne, Hague, Rodriguez, Ruller, and Arnt are employees of the California Department of Corrections and Rehabilitation (CDCR), assigned to CSP-Sacramento. Comp., at ¶¶ 12-18.

In January 2006, inmate Douglas told plaintiff that there were rodents in the "dry-goods room" where food was stored. Comp., at ¶ 28. Douglas told plaintiff that he was being treated for food poisoning, and advised plaintiff not to eat certain foods. A month later, inmate Wright

---

[5] The facts are taken from defendants' November 17, 2006, motion to dismiss.

1 told plaintiff he was being treated for food poisoning. *Id.,* at ¶ 29. On February 17, 2006,
2 plaintiff alleged he was diagnosed with food poisoning as a result of a meal he was served a day
3 or so before. *Id.*, at ¶ 30.
4     Plaintiff has filed two inmate appeals concerning rodents in the kitchen. *Id.*, at
5 ¶¶ 44-47. Plaintiff was one of a group of inmates who filed a group appeal on February 10,
6 2006. *Id.,* at ¶ 44. Plaintiff filed his own inmate appeal on March 2, 2006. *Id*., at ¶ 45.
7 According to plaintiff, he has provided prisoner officials with timely grievances describing the
8 problems alleged in the complaint, and any further efforts to exhaust his administrative remedies
9 would be futile. *Id.*, at ¶¶ 46-47. Thus, according to plaintiff, he has satisfied the exhaustion
10 requirement. *Id*., at ¶ 46.

11 **V. Analysis**

12     Defendants contend that neither of the two grievances filed by plaintiff were issued
13 responses from the Director's level of review until August 4, 2006, six weeks after he filed suit.
14 DX A-2, DX A-3. Plaintiff argues that his suffering outweighs the exhaustion requirement
15 because his case warrants emergency relief and exhaustion would be futile.

16     Section 1997e(a) of Title 42 of the United States Code provides that "no action shall be
17 brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by
18 a prisoner confined in any jail, prison, or other correctional facility until such administrative
19 remedies as are available are exhausted. The exhaustion requirement is mandatory. *Booth v.*
20 *Churner*, 532 U.S. 731, 741 (2001); *McKinney*, 311 F.3d at 1199; *see also Porter v. Nussle*, 534
21 U.S. 516, 524 (2002). Moreover, exhaustion must precede the filing of the complaint and that
22 compliance with the statute is not achieved by satisfying the exhaustion requirement during the
23 course of an action. *McKinney*, 311 F.3d at 1199.

24     Here, plaintiff failed to exhaust his administrative remedies and his attempt to excuse the
25 requirement are unavailing. The presence of exigent circumstances does not relieve a plaintiff
26 from fulfilling this requirement. *Cf. White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997);

*Harris v. Baca*, No. CV 01-10905 RSWL (CTX), 2003 WL 21384306, at 3 (C.D. Cal. June 11, 2003) (rejecting prisoner's contention that his attorney's grievance to the sheriff exhausted his administrative remedies because even if there was another means of remedy available, prisoner is not excused from the prison's established complaint procedure).

Plaintiff moves for leave to file an amended complaint, proving exhaustion. Completion of the administrative appeal process while this action was pending does not help plaintiff because the statute requires exhaustion before the action is filed. *See Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006). The entire action must be dismissed without prejudice to the filing of a new action, because administrative remedies were not exhausted as to any of the claims before this action was filed.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's November 17, 2006, motion to dismiss for failure to exhaust administrative remedies be granted; and

2. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 17, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

8